UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>                Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> JUBENAL MEDINA CEBALLOS, ) <br>                Defendant. ) | NO.   CR-06-2039-WFN <br><br> ORDER |

Pending before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, presented by Mr. Ceballos *pro se*; Assistant United States Attorney Jane Kirk represents the Government. The Court has reviewed the file and the motion and is fully informed. For the reasons stated below, the Motion is denied.

## I. BACKGROUND

On September 15, 2004, Mr. Ceballos was indicted for violation of 21 U.S.C. § 846 & 841(a), conspiracy to distribute and two counts of distribution. The Indictment alleged that Mr. Ceballos conspired to distribute at least 50 grams but less than 150 grams of methamphetamine and distributed methamphetamine on September 3, 2002 and November 8, 2002. A trial began on May 15, 2006. The jury found Mr. Ceballos guilty on Counts 1 and 3 and not guilty of Count 2. Mr. Ceballos was sentenced to 151 months imprisonment and 5 years supervised release. Mr. Ceballos raised several issues on appeal. The Ninth Circuit affirmed the District Court.

ORDER - 1

## II. ANALYSIS

"To earn the right to a hearing . . . [Movant] [is] required to allege specific facts which, if true, would entitle him to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir 1998), quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir 1996). If an evidentiary hearing is not required, the Court "shall make such disposition of the motion as justice dictates."  Rule 8, RULES SECTION 2255 PROCEEDINGS (West 2006).  Since Mr. Ceballos's complaints stem from events that occurred during the sentencing hearing, the record is complete and an evidentiary hearing is unnecessary.

To gain relief, Movant must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Ceballos established that he satisfies the first two prongs.

Mr. Ceballos argues that his sentence violates federal law and was unconstitutional, thus satisfying the third prong, based on alleged ineffective assistance of counsel during sentencing and the lack of jury finding on the obstruction of justice enhancement.  First, Mr. Ceballos alleges that his counsel failed to raise the issue of disparate sentences between co-conspirators thus rendering ineffective assistance.  Second, Mr. Ceballos argues that the Court erred in applying the obstruction of justice enhancement by failing to require that the facts supporting the enhancement be proven to a jury beyond a reasonable doubt.

### A. Ineffective Assistance of Counsel

In order to prevail on his ineffective assistance claims, Mr. Ceballos must prove that counsel's performance was deficient and that he was prejudiced by this deficient performance. *United States v. Strickland,* 466 U.S. 668, 687 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

ORDER - 2

professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Counsel has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Correll v. Stewart*, 137 F.3d 1404, 1412 (9th Cir. 1998). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689 (internal citations omitted). In order to show prejudice, Mr. Ceballos must show that but for counsel's errors, the results of the proceeding would have been different. *Id.* at 694.

Mr. Ceballos's claim that defense counsel failed to present evidence of his co-defendant's criminal history and therefore rendered ineffective assistance of counsel is groundless. First, it is clear from the record that defense counsel addressed the issue of sentencing disparity between co-defendants. In Defendant's Objections to Presentence Report, Motion for Downward Departure and Sentencing Memorandum (Ct. Rec. 50), defense counsel argues that a lower sentence is warranted based on co-defendant's sentence of 66 months despite having a "significantly more serious criminal history." Further, Mr. Ceballos cannot prove prejudice, because the Court considered the co-defendant's lower sentence and criminal history when determining Mr. Ceballos's sentence and gave specific reasons on the record for giving Mr. Ceballos a longer sentence despite the difference in criminal history.

## B. Obstruction of Justice Enhancement

The obstruction of justice enhancement need not be proved before a jury, so the Court's application of the enhancement was appropriate. The only sentencing factors that need to be proved beyond a reasonable doubt before a jury are those that raise the maximum sentence level. *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The maximum sentence refers to the

maximum statutory sentence. Mr. Ceballos's maximum statutory sentence was life, so no jury determination was required to raise his sentence.[1]

Mr. Ceballos's claims cannot meet the standard under a §2255 Motion even assuming all facts alleged by Movant to be true. Thus, Movant's Motion must be denied.

### III. CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2006). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion that the Movant has failed to make a substantial showing of a denial of a constitutional right. Thus a certificate of appealability should not issue. Accordingly,

**IT IS ORDERED** that Mr. Ceballos's Motion to Vacate Judgment and Sentence Pursuant to 28 U.S.C. § 2255, filed September 17, 2008, **Ct. Rec. 86**, is **DENIED WITH PREJUDICE**.

The District Court Executive is directed to:

- File this Order and provide copies to counsel;
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; and

---

[1] Movant alludes to possible ineffective assistance of counsel related to defense counsel allegedly failing to argue to the Court that the obstruction of justice enhancement was inapplicable. Defense counsel not only briefed the issue, but addressed the issue in Court, thus this allegation of error is misplaced.

ORDER - 4

1     •    **CLOSE** the corresponding civil file, **CV-08-3060-WFN**.

2     **DATED** this 7th day of May, 2009.

4                                                      s/ Wm. Fremming Nielsen

                                                    WM. FREMMING NIELSEN

5   5-07                                  SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5